UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN HARAJLI,

        Plaintiff,

                                    CASE NO. 14-CV-12173
v.                               HONORABLE GEORGE CARAM STEEH

BANK OF AMERICA, N.A.,
MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC.,
LARRY MACKEY, and LEN
VERLINDEN,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL  AND TO COMPEL ARBITRATION, AND DENYING MOTION TO STAY REMAINING CLAIMS (Doc. 2)

Plaintiff Hassan Harajli, an Arab-American perceived to be a practicing Muslim, alleges national origin and religious discrimination in violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2202 *et seq.,* against his former employer, Bank of America N.A. and Merrill Lynch, Pierce, Fenner & Smith, Inc., his former supervisor, Larry Mackey, and his former co-worker, Len Verlinden  (collectively "defendants").  Plaintiff also seeks to recover for defamation based in part on his discharge papers which state that he was terminated for "PERSONAL WORKPLACE CONDUCT INCONSISTENT WITH FIRM STANDARDS."  Finally, plaintiff alleges defendants created a hostile work environment, transferred him to a less desirable position, and eventually discharged him in retaliation for his complaints of discrimination to upper management.

Now before the court is defendants' motion to dismiss the defamation claim on the grounds that it is subject to mandatory arbitration, to compel arbitration, and to stay the remaining nonarbitrable claims of employment discrimination.  In his response, plaintiff concedes that his defamation claim is subject to arbitration and should be dismissed, but opposes staying the remaining claims.  Oral argument was heard on September 25, 2014.  For the reasons set forth below, defendants' motion shall be granted in part, in that the defamation claim shall be dismissed, and denied in part, in that the motion to stay shall be denied.

## I. Factual Background

Harajli worked for defendants as a financial solutions advisor from May, 2013, until he was terminated six-months later.  When Harajli was hired by defendants, he signed a Form U4 which requires that all non-statutory employment disputes be subject to arbitration.  In addition, the rules of the Financial Industry Regulatory Authority ("FINRA") set forth the same requirement.  During Harajli's employment, he alleges that Mackey and Verlinden repeatedly made discriminatory comments to him.  Harajli further alleges that Verlinden accused him to his superiors of asking suspicious questions about bank security and stating his willingness to rob the bank, subjected him to unwanted touching on a daily basis, and verbally harassed him.  When Harajli complained to human resources about the perceived harassment, he claims he was told an investigation would be undertaken, and that he would be transferred while the investigation was ongoing.

On November 20, 2013, defendants terminated Harajli.  On May 9, 2014, Harajli filed his discrimination suit in Oakland County Circuit Court.  His complaint alleges six counts: (1) national origin discrimination in violation of Title VII, (2) national origin discrimination in

violation of ELCRA, (3) religious discrimination in violation of Title VII, (4)  religious discrimination in violation of ELCRA, (5) defamation, and (6) retaliation for exercising his rights under ELCRA and Title VII.  In connection with his discharge, defendants prepared a U5 form which stated that plaintiff was "DISCHARGED" for "PERSONAL WORKPLACE CONDUCT INCONSISTENT WITH FIRM STANDARDS."  Plaintiff alleges that defendants published the allegedly defamatory statements in his discharge papers to third-parties which is preventing him from obtaining new employment in his specialty.  Defendants timely removed the action to this court.

## II. Analysis

Plaintiff concedes that his defamation claim is subject to mandatory arbitration; thus, the court shall grant defendants' motion with respect to that claim. There is no dispute that the employment discrimination claims under Title VII and ELCRA are not subject to arbitration.   Once the court finds that some, but not all of the claims are subject to arbitration, the court must determine whether to stay the nonarbitrable claims pending the outcome of the arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).  The decision of whether to stay the remaining claims is in the sound discretion of the district court. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983). A stay is appropriate where the remaining claims depend upon the same facts and are inherently inseparable from arbitrable claims, arbitration may resolve issues in the lawsuit, or where staying litigation would promote the federal policy in favor of arbitration. *Gordon v. Royal Palm Real Estate Inv . Fund I, LLLP*, No. 09-11770, 2011 WL 835941,*8 (E.D. Mich. March 8, 2011) (citations omitted).

Although there is some overlap in the issues to be addressed before the FINRA arbitration panel and those presented here, the court does not find that the issues are sufficiently close to warrant the imposition of a stay.  The single issue before the arbitrators as to whether the plaintiff engaged in the alleged misconduct will not resolve the thornier issues presented here: whether defendants discriminated against plaintiff based on his national origin and perceived religion.  Even if the arbitrators find that plaintiff engaged in the alleged misconduct, this will not resolve the employment discrimination claims pending here, which will require analysis as to whether similarly situated non-minorities were treated more favorably for the same misconduct.  Also, at oral argument, plaintiff's counsel stated that his theory of the case also involves an allegation that defendants discriminated against him by transferring him from the Troy, Michigan location to the less desirable Roseville, Michigan location which amounted to a significant loss of income.  Clearly, this factual inquiry is well beyond the scope of the inquiry to be resolved by the arbitrators.

Moreover, to prevail on his employment discrimination claims, plaintiff may proceed under the now familiar *McDonnell Douglas* burden-shifting framework which requires him to prove that (1) he was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment decision, and (4) was replaced by a person outside the protected class or was treated differently than similarly situated non-protected employees. *Serrano v. Cintas Corp.*, 699 F.3d 884, 893 (6th Cir. 2012) (citations omitted).  Once the plaintiff establishes this *prima facie* case, the burden shifts to the defendant to offer a legitimate nondiscriminatory reason for the adverse employment action.  *Id.*  Once the defendant meets its burden, the burden shifts back to the plaintiff to show that the defendant's proffered reason was not the true reason but only a pretext for discrimination.

*Id.* To show pretext, the plaintiff will usually demonstrate that the employer's stated reason for the adverse employment action either "(1) has no basis in fact, (2) was not the actual reason, or (3) is insufficient to explain the employer's action." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 393 (6th Cir. 2008) (citations omitted). The plaintiff may also show pretext by showing that the employer's stated reason was unreasonable which goes to the employer's "actual motivation." *Id.* In this case, a decision from the arbitrators as to the truth of the statement in the Form U5 discharge papers that plaintiff was terminated for "PERSONAL WORKPLACE CONDUCT INCONSISTENT WITH FIRM STANDARDS," will address the question of whether the misconduct occurred, not whether it was a legitimate basis for his termination.

Moreover, plaintiff may choose to proceed under the mixed-motive theory. Allegations of employment discrimination "fall into one of two categories: single-motive claims, where an illegitimate reason motivated an employment decision, or mixed-motive claims, where both legitimate and illegitimate reasons motivated the employer's decision." *Spees v. James Marine, Inc.*, 617 F.3d 380, 389-90 (6th Cir. 2010) (internal quotation marks and citations omitted). A mixed-motive analysis requires proof that his termination or transfer was based on his protected status, even though other factors also motivated his discharge. *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 649 (6th Cir. 2012) (citations omitted). "A mixed-motive analysis applies to cases where an adverse employment decision was the product of a mixture of legitimate and illegitimate motives." *Id.* (internal quotation marks and citations omitted). In order to prevail in a mixed-motive case, plaintiff need prove only that his national origin and religion were a "motivating factor" for the employment practice. *Baxter Healthcare*, 533 F.3d 391, 401 (6th Cir. 2008) (citing

*Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003)).  Where an employer demonstrates

that it would have taken the same employment action in the absence of an impermissible

motivating factor, the remedies for such a mixed-motive case under Title VII are

considerably less than those available for single-motive cases, and are limited only to

declaratory relief, limited injunctive relief, and attorney fees and costs.  *Spees*, 617 F.3d

at 390.  Despite these limited remedies, plaintiff is free to proceed under the mixed-motive

theory.  Should plaintiff seek to do so, a determination by the FINRA arbitrators, even if in

defendants' favor, will not preclude plaintiff from recovering here.  Even if the arbitrators

find that plaintiff was indeed discharged for "WORKPLACE CONDUCT INCONSISTENT

WITH FIRM STANDARDS," plaintiff still might demonstrate that discriminatory animus was

also a motivating factor for the decision to terminate him.

### III. Conclusion

For the reasons stated above, IT IS ORDERED that defendants' motion to dismiss

and compel arbitration of the defamation claim (Doc. 2) is GRANTED.  Having found that

the FINRA arbitrators will be deciding only limited factual issues which will not be

determinative of the employment discrimination claims here, IT IS FURTHER ORDERED

that defendants' motion to stay the remaining discrimination claims (Doc. 2) pending the

outcome of arbitration proceedings is DENIED.

**IT IS SO ORDERED.**

Dated:  October 2, 2014

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-6-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 2, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk